No. 499
ELLIOT v. GREENE-BABCOCK CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5200. Decided Sept. 29, 1924.

480. EVIDENCE—Oral testimony which varies, substantially, the terms of a written instrument not admissible in evidence.

SULLIVAN, J.

561. STATUTE OF FRAUDS—Interpretation of a written guaranty by verbal testimony relating to, and the account guaranteed by it, is error.

The Green-Babcock Co. recovered judgment against H. E. Elliott for $1227.65 in the Cleveland Municipal Court without the intervention of a jury; the suit for this amount being based upon a written guarantee directed to the Higgins-Babcock Co. and executed by Elliot.

Error was prosecuted and Elliott charged that the lower court erred in admitting oral evidence of conversations, the subject matter of which was the written guarantee. The Company declared goods were delivered under the authority of the guarantee for payment in case of default. The Court of Appeals held:

1. As a basis for competency of said oral evidence the court apparently relied upon the following language contained in the guarantee: "In line with our conversation had in your office with Mr. Green, Mr. Heckler and Mr. Arndt, several days ago, I wish to advise that I will guarantee payment of current shipments," etc.

2. Under our statute no recovery can be had upon a verbal agreement to pay the debt of another, and yet when the court admitted said testimony there was incorporated into the evidence a conversation constituting a verbal promise to pay the debt, default, or miscarriage of another.

3. It clearly appears that the conversation which was admitted substatially varies the terms of the written instrument, which in and of itself, without the effect of the statute of frauds, is contrary to the rules of evidence.

4. It is conclusive that the court below interpreted the written guarantee of Elliott with the aid of testimony relating to conversation and to the account against Elliot, admitted as his indebtedness for which the written guarantee was applicable. Judgment reversed and cause remanded.

Attorneys—Harvey E. Elliot for Elliot; Green and Gallup for Company; all of Cleveland.